FILED
MAY 16 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL A. BOGUE, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. PAUL COREY and DR. KRIS BJORNSON,<br><br>Defendants. | Case No.: 18cv945 JM (WVG)<br><br>**ORDER ON UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION** |

On May 14, 2019, the court received the United States' Notice of Election to Decline Intervention *in camera*. The United States represents that it does not intend to intervene in this matter at this time but reserves the right to do so in the future. Accordingly, the United States moves the court to remove the seal on this action and order Plaintiff to serve Defendants with the Amended Complaint. The United States also requests that all filings in this *qui tam* action remain under seal except for the instant order, the United States' Notice of Election to Decline Intervention, and the Amended Complaint.

"Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that: '(1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties.'" United States ex rel. Brasher v. Pentec Health, Inc., 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) (quoting U.S. ex rel. Lee v. Horizon W., Inc., No. C 00-2921

SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006) (collecting cases)). "When evaluating a motion to lift the seal, courts are also to consider the interests of the public, since court records are typically expected to be open to the public." U.S. ex rel. Lee, 2006 WL 305966, at *2.

The United States requests the other filings in this case remain sealed "because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." The court disagrees; the language of the statute does not require these materials remain sealed or in camera. See § 3730(b)(3). Accord U.S. by Dep't of Def. v. CACI Int'l Inc., 885 F. Supp. 80, 81 (S.D.N.Y. 1995). In the absence of a compelling reason for non-disclosure, the public interest in access to judicial records weighs in favor of disclosure. See U.S. ex rel. Lee, 2006 WL 305966, at *2. The United States' Ex Parte Application for an Extension of Time to Make Intervention Decision and supporting Memorandum of Points and Authorities simply describe routine or general investigative procedures, without implicating specific people or providing substantive details. The Memorandum of Points and Authorities references facts alleged in the original Complaint, but these facts are also alleged in the Amended Complaint that the United States requests the court unseal. The court sees no reason to keep these materials under seal. The United States presents no reason for keeping the Summons, Executed Summons, Proof of Service, Plaintiff's Notice of Change of Attorney's Address, or the court's order granting the United States' application for an extension under seal. Accordingly, the court finds no compelling reason to keep these documents under seal. Counsel's *in camera* declaration in support of the United States' Ex Parte Application for an Extension of Time to Make Intervention Decision, in contrast, contains specific details about the ongoing investigation. For compelling reasons, this document shall remain under seal.

The court issues the following orders:

1. The Clerk of Court is ordered to unseal the Amended Complaint and Plaintiff shall serve the Amended Complaint on Defendants. See 31 U.S.C. § 3730(b)(3).
2. The Clerk of Court is further ordered to unseal the Summons (Doc. No. 2), Executed Summons (Doc. No. 3), Proof of Service (Doc. No. 4), the court's order granting the United States' application for an extension (Doc. No. 6), and Plaintiff's Notice of Change of Attorney's Address (Doc. No. 7).
3. The Clerk of Court is ordered to publicly file the United States' Ex Parte Application for an Extension of Time to Make Intervention Decision and supporting Memorandum of Points and Authorities.
4. The original Complaint (Doc. No. 1) and the *in camera* declaration of counsel for the United States in support of its Ex Parte Application for an Extension of Time to Make Intervention Decision shall remain under seal.
5. The seal is lifted as to all matters occurring in this action after the date of entry of this order.
6. The parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts and is entitled to intervene in this action for good cause at a later date. See id.
7. The parties shall serve all notices of appeal upon the United States.
8. The court's orders shall be sent to the United States via the court's CM/ECF system.
9. Should the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, the parties must provide the United States with notice and the court will provide the United States with an opportunity to be heard before ruling on or granting its approval. See 31 U.S.C. § 3730(b)(1).

IT IS SO ORDERED.

DATED: May 16, 2019

JEFFREY T. MILLER
United States District Judge